**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

In Re: K.L.

No. 13-0557 (Mingo County 12-JA-60)

**FILED**

October 21, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Ashley Cochran, from the Circuit Court of Mingo County, which terminated her parental rights to child K.L. by order entered on April 25, 2013. The guardian ad litem for the child, Diana Carter Wiedel, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the petition for the instant abuse and neglect case after the child's parents brought him to the hospital for a possible drug overdose from benzodiazepines. Upon further investigation, drug paraphernalia was found in the parents' home and the parents were unable to give a reasonable explanation as to how the child ingested the drugs. Rather, they stated that he might have acquired it off of the floor at his grandparents' home. After further inquiry with the child's grandparents, the grandparents revealed that several people came in and out of their own home "doing pills, doing drugs, shooting up." K.L.'s father initially denied any drug use but later admitted to a substance abuse problem. At adjudication, the circuit court found that the parents engaged in substance abuse and other at-risk behaviors that endangered K.L.

Throughout the course of these proceedings, the circuit court granted both parents improvement periods and extended these improvement periods at least two times. The DHHR offered a variety of services and support to both parents. Nevertheless, neither parent took full advantage of these opportunities. At the final dispositional hearing, neither parent was employed or had a residence of his or her own. The DHHR reported that, despite active emergency protective orders granted to petitioner against the father, the parents were still in contact with each other. Both were also arrested in February of 2013 and eventually pled guilty to their arrest charges. K.L.'s father pled guilty to violating an active emergency protective order, larceny, and fleeing, while petitioner pled guilty to providing false information to law enforcement. The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect would substantially change and that termination was in the child's best interests. Based

1

on its findings and conclusions, the circuit court terminated both parents' parental rights, from which they both filed separate appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court improperly terminated her parental rights to K.L. Petitioner asserts that she substantially complied with the terms of her improvement period and adequately improved the conditions that led to the filing of the abuse and neglect petition.

Upon our review of the record, we find no error or abuse of discretion by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). The circuit court made clear and thorough findings that petitioner failed to make substantial improvements during the pendency of this case. Although petitioner attended visits with K.L. and yielded negative results in her most recent drug screens, she failed to demonstrate any capability of recognizing the issues that led to the filing of the petition. For instance, petitioner continued to contact K.L.'s father despite active emergency protective orders and, two months before the final dispositional hearing, she was arrested for providing false information to law enforcement. Such findings support the circuit court's conclusions that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future, and that the termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,*185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II